

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RAUL E. LITONJUA, Jr., | No. 12-73170 |
| Petitioner, | Agency No. A044-374-442 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 9, 2016**
Pasadena, California

Before: McKEOWN and IKUTA, Circuit Judges and PRATT,*** Senior District
Judge.

Raul E. Litonjua, Jr., appeals the decision of the Board of Immigration

Appeals (BIA) that Litonjua is statutorily ineligible for asylum and withholding of

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Robert W. Pratt, Senior District Judge for the U.S.
District Court for the Southern District of Iowa, sitting by designation.

removal as a result of being convicted of a particularly serious crime. He also appeals the BIA's denial of relief under the Convention Against Torture (CAT). We have jurisdiction under 8 U.S.C. § 1252.

Because Litonjua does not appeal the BIA's decision that he was convicted of an aggravated felony drug trafficking crime, the BIA did not err in holding that Litonjua committed a particularly serious crime for purposes of asylum, *see* 8 U.S.C. § 1158(b)(2)(B)(i), and therefore is statutorily ineligible for relief, *see* 8 U.S.C. § 1158(b)(2)(A)(ii).

Nor did the BIA err in determining that Litonjua's conviction was a particularly serious crime for purposes of withholding of removal. *See* 8 U.S.C. § 1231(b)(3)(B)(ii). The BIA identified and applied the correct legal standard for determining whether a drug trafficking aggravated felony is a particularly serious crime, *see Matter of Y-L-*, 23 I. & N. Dec. 270, 274–75 (A.G. 2002), and we lack jurisdiction to reweigh the *Matter of Y-L-* factors on appeal or to consider the BIA's "ultimate conclusion that the . . . conviction . . . was for a particularly serious crime." *See Anaya-Ortiz v. Holder*, 594 F.3d 673, 680 (9th Cir. 2010) (citing *Delgado v. Holder*, 563 F.3d 863, 871 (9th Cir. 2009)). Accordingly, the BIA did not err in denying Litonjua's application for withholding of removal because he was statutorily barred. *See* 8 U.S.C. § 1231(b)(3)(B)(ii).

2

Substantial evidence supports the BIA's denial of deferral of removal under CAT. Litonjua failed to demonstrate that he would be subject to discrimination in the Philippines that would rise to the level of torture, *see* 8 C.F.R. § 208.18(a)(2); *see also Vitug v. Holder*, 723 F.3d 1056, 1066 (9th Cir. 2013), or that the government of the Philippines would acquiesce or turn a blind eye to any torture, *see Ornelas-Chavez v. Gonzales*, 458 F.3d 1052, 1059 (9th Cir. 2006).

**PETITION DENIED IN PART AND DISMISSED IN PART.**